AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | | |
|---|---|---|
| United States of America<br>v.<br>Timothy James Nelson,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. **CR 25-71477-MAG** |

**FILED**
Dec 12 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 12, 2025  in the county of  Santa Clara  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 18 U.S.C. § 922(g)(1);<br>Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii);<br>Count 3: 18 U.S.C. § 924(c) | Count 1: Felon in possession of a firearm;<br>Count 2: Possession with intent to distribute 50 grams and more of actual methamphetamine<br>Count 3: Carrying or possessing a firearm in connection with a drug trafficking crime<br><br>Penalties: See penalty sheet, attached hereto and incorporated by reference. |

This criminal complaint is based on these facts:

See affidavit of ATF Special Agent Jonah Morikawa, attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

Approved as to form  *Sarah E. Griswold*
AUSA Sarah Griswold

/s/ Jonah Morikawa w/permission by VKD
*Complainant's signature*

Jonah Morikawa, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: December 12, 2025

*Virginia K. DeMarchi*
*Judge's signature*

City and state:  San Jose, CA

Virginia K. DeMarchi, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jonah Morikawa, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Timothy James NELSON ("NELSON") for a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Possession with Intent to Distribute 50 Grams and More of Actual Methamphetamine), and 18 U.S.C. § 924(c) (Carrying or Possessing a Firearm in Connection with a Drug Trafficking Crime).

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II.  BACKGROUND OF SPECIAL AGENT JONAH MORIKAWA

3. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), United States Department of Justice, and have been so employed since January 2025. I graduated from Pomona College with a Bachelor of Arts degree in Psychological Science. Prior to being employed as an ATF Special Agent, I was a Conservation and Resources Enforcement Officer for the State of Hawaii's Department of Land and Natural Resources.

4. I graduated from the ATF's Special Agent Basic Training and from the Department of Homeland Security's Criminal Investigator Training Program. The training that I received included formalized instruction in, among other things, drugs, firearms, and violent crime investigations; drug identification, detection, and interdiction; familiarization with United States drug and firearms laws; financial investigations and money laundering; identification and seizure of assets related to drug and firearms trafficking; physical and electronic surveillance;

1

the operation and use of confidential sources; and undercover operations. I have also completed arson and explosive investigation training at the ATF Academy in Glynco, Georgia.

5. I have received training in and have personally investigated various federal crimes, including firearms trafficking, narcotics trafficking, possession and use of explosives, and other violent crimes.

### III.  SUMMARY OF PROBABLE CAUSE

6. On October 12, 2025, officers with the San Jose Police Department ("SJPD") observed a silver Mercedes with a license plate that was registered to a vehicle manufactured by Kia, not Mercedes. Officers observed an unknown male, later identified as Timothy NELSON enter the driver seat of the vehicle. Officers approached NELSON in their marked SJPD patrol vehicle, identified themselves and gave NELSON commands to exit the vehicle.

7. While being detained, NELSON informed the officers that there was a firearm in a satchel that was located on his person. Upon searching the satchel, officers recovered a firearm with a loaded magazine, over 400 grams of methamphetamine, and other drug paraphernalia consistent with narcotics sales and distribution. Subsequent records checks revealed that NELSON is a convicted felon and not allowed to possess firearms or ammunition.

### IV.  STATEMENT OF PROBABLE CAUSE

8. Based on my review of law enforcement reports and body camera footage, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.  NELSON IS ARRESTED DURING A TRAFFIC ENFORCEMENT OPERATION WITH A FIREARM, METHAMPHETAMINE, AND DRUG PARAPHERNALIA IN HIS POSSESION**

9. On October 12, 2025, at approximately 5:29AM, officers with the San Jose Police Department observed an unoccupied silver Mercedes sedan while on patrol. The Mercedes was parked on Locke Drive, in San Jose, CA. A California ("CA") license plate (9MPF446) was observed to be affixed to the rear of the Mercedes. A records check was conducted, which showed the CA license plate was registered to a vehicle manufactured by Kia, not Mercedes.



Photo of a silver Mercedes sedan with a CA license plate (9MPF446) registered to a Kia.

10. As a result of the CA license plate not matching the vehicle, the officers conducted surveillance on the vehicle to identify the vehicle's owner. Several minutes later, an unknown male, later identified as Timothy NELSON exited a residence on Locke Dr. and entered the driver seat of the vehicle. As a result of NELSON entering the vehicle, the officers approached NELSON in their marked SJPD patrol vehicle. Upon their approach, the officers identified themselves and gave NELSON commands to exit the vehicle. NELSON took off a black satchel, tossed it to the ground as he exited the vehicle, and was detained.

3



Photo of NELSON exiting the Mercedes with a satchel (circled in red) located on his lap.

11.     While being detained, officers asked NELSON if there was a firearm in the satchel and he told them there was. Officers conducted a search of NELSON's satchel and found:

    a.     One (1) Ruger SR9C 9mm caliber pistol bearing serial number 333-01429, with a loaded magazine containing eight (8) rounds of 9mm ammunition.



Photo of a firearm with a loaded magazine recovered from the satchel found on NELSON.

      b.      Approximately four hundred and fourteen (414) grams of methamphetamine as subsequently identified by Santa Clara County Crime Laboratory testing.



Photo of a plastic bag containing methamphetamine recovered from the satchel found on NELSON.

    c.       One (1) digital scale.



Photo of a digital scale (circled in red) recovered from the satchel found on NELSON.

      d.      Multiple small Ziplock baggies, commonly used for narcotics distribution.



Photo of small Ziplock baggies recovered from the satchel found on NELSON.

      12.      Based on my training and experience and conversations with other law enforcement officers, I know that approximately 414 grams of methamphetamine is more than a personal use amount of methamphetamine for a narcotics user to possess.  Instead, that amount of methamphetamine is frequently possessed by narcotics dealers who break down that amount into smaller quantities to be distributed in user amounts.  In addition, based on my training and experience and conversations with other law enforcement officers, I know that narcotics dealers commonly use small Ziplock baggies to package user amounts of narcotics for distribution.  I also know that digital scales are regularly used by narcotics deals to weigh user amounts of narcotics before distribution.  Lastly, based on my training and experience and conversations with other law enforcement officers, I know that due to the criminal nature and profit of selling large quantities of narcotics, narcotics dealers often carry a firearm to protect themselves during the course of narcotics trafficking and other illegal activity.

      13.      Based on my training and experience and conversations with other law enforcement officers, I know that methamphetamine sold in the San Jose, California area is usually more than 90 percent pure.  The Annual Methamphetamine Report released by the Drug

Enforcement Administration ("DEA") in 2023 reported that the average purity of methamphetamine in California was ninety-six point-two (96.2) percent. The approximately four hundred and fourteen (414) grams of methamphetamine found in NELSON's satchel would need to be approximately 12.1 percent pure to contain 50 grams of actual methamphetamine.

### B. NELSON IS A CONVICTED FELON

14. On October 17, 2025, ATF SA Rosalia Reyes reviewed criminal history documents for NELSON and learned that NELSON has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year, each in the Superior Court for the State of California, County of Santa Clara:

    a. On June 13, 2011, Possession of a Stolen Vehicle in violation of California Penal Code 496(d) PC, Court Case Number C1108976.

    b. On August 29, 2011, Take Vehicle without Owner Consent/Theft in violation of California Vehicle Code 10851(a) VC, Court Case Number C1114348.

    c. On September 14, 2012, Felon/Addict in Possession of a Firearm in violation of California Penal Code 29800(a)(1) PC, Court Case Number C1242141.

    d. On February 25, 2014, Take Vehicle without Owner Consent/Theft in violation of California Vehicle Code 10851(a) VC, Court Case Number C1478089.

    e. On February 25, 2014, Assault with Deadly Weapon, Not Firearm in violation of California Penal Code 245(a)(1) PC, Court Case Number C1478089.

    f. On April 23, 2014, Felon/Addict in Possession of a Firearm in violation of California Penal Code 29800(a)(1) PC, Court Case Number C1481711.

    g. On May 22, 2014, Prohibited own Ammunition/ETC in violation of California Penal Code 30305(a)(1) PC, Case Number C1484281.

    h. On May 22, 2014, Evade Peace Officer: Disregard Safety in violation of California Vehicle Code 2800.2(a) VC, Court Case Number C1484281.

    i. On October 12, 2016, Felon/Addict in Possession of a Firearm in violation of California Penal Code 29800(a)(1) PC, Court Case Number C1648706.

  j. On October 12, 2016, Possession Controlled Substance for Sale in violation of California Health and Safety Code 11378 HS, Court Case Number C1648706.

  k. On October 12, 2016, Child Cruelty, Possible Injury or Death in violation of California Penal Code 273(a) PC, Court Case Number C1648706.

  l. On October 12, 2016, Residential Burglary First Degree in violation of California Penal Code 459-460(a) PC, Court Case Number C1648706.

  m. On September 23, 2022, Felon/Addict in Possession of a Firearm in violation of California Penal Code 29800(a)(1) PC, Court Case Number C2213102.

  n. On March 24, 2023, Prohibited own Ammunition/ETC in violation of California Penal Code 30305(a)(1) PC, Court Case Number C2303856.

15. A law enforcement database records check showed that NELSON was a fourteen-time convicted felon and prohibited from possessing a firearm or ammunition.

### C. Interstate Nexus

16. On November 20, 2025, I spoke with ATF SA John Weirich, an Interstate Nexus Expert, regarding the firearm for purpose of determining interstate nexus. SA Weirich confirmed that the firearm was manufactured outside of the State of California, indicating that it has traveled in and affected interstate and/or foreign commerce.

### D. Controlled Substance Report by Santa Clara County Crime Laboratory

17. On October 15, 2025, an analysis of the controlled substance found in NELSON's satchel at the time of detainment by SJPD was conducted by Santa Clara County Crime Laboratory Criminalist Jean Arase. Criminalist Arase confirmed that the controlled substance found in NELSON's satchel was methamphetamine. The methamphetamine was described as a white crystalline chunks/powder with a net weight of approximately four hundred and fourteen point-two (414.2) grams. I know that methamphetamine is a Schedule II controlled substance.

9

## V. **CONCLUSION**

16. For all of the reasons described above, there is probable cause to believe that, on October 12, 2025, Timothy James NELSON committed violations of: 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) (Count One), 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Possession with Intent to Distribute 50 Grams and More of Actual Methamphetamine) (Count Two), and 18 U.S.C. § 924(c) (Carrying or Possessing a Firearm in Connection with a Drug Trafficking Crime) (Count Three).

    /s/ Jonah Morikawa w/permission by VKD
JONAH MORIKAWA
ATF Special Agent

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this  12  day of December 2025.

_____
HONORABLE VIRGINIA K. DEMARCHI
United States Magistrate Judge

**Penalty Sheet**
**United States v. Timothy James Nelson**

Count 1: 15 years prison, 3 years supervised release, fine of $250,000; $100 special assessment per count

Count 2: Minimum 10 years imprisonment, maximum life imprisonment; supervised release term of a minimum 5 years; fine of $10,000,000; $100 special assessment

Count 3: Minimum 5 years imprisonment, maximum life imprisonment; 5 years supervised release; fine of $250,000; $100 special assessment